PARACCHINI, DEMANDANTE Y APELANTE *v.* VILÁ ET AL., DEMAN-
DADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre cumplimiento de contrato.

No. 1230.—Resuelto en julio 30, 1915.

ARRENDAMIENTO—EXAMEN DE LAS PRUEBAS—INTENCIÓN DE LAS PARTES—DERE-
CHO DE PREFERENCIA.—Examinadas las pruebas practicadas en el juicio *se resolvió:*

1. Que el demandante Francisco Paracchini es cesionario de la sociedad Paracchini, Toro & Co. en relación con el contrato de arrendamiento cele-brado con dicha sociedad por los consortes José Vilá Soler y María de la Paz Palermo en 8 de abril de 1903; y

2. Que fué la intención del arrendador reconocer a la sociedad arrendataria en la cláusula 5ª. del contrato un derecho absoluto e incondicional de pre-ferencia para un nuevo arrendamiento por un canon mensual que no podría exceder de ciento cincuenta pesos y bajo las condiciones estipuladas en el referido contrato de 8 de abril de 1903.

ID.—DERECHO DE PREFERENCIA—INTENCIÓN DE LAS PARTES—ARTÍCULO 1248 DEL
CÓDIGO CIVIL.—Cuando la intención de reconocer el derecho de preferencia absoluto e incondicional para un nuevo contrato de arrendamiento se mani-fiesta según el texto de una de las cláusulas del primitivo contrato, al sen-tido literal de esa cláusula debe atenderse, según el artículo 1248 del Código Civil.

ID.—INTENCIÓN DE LAS PARTES—ACTOS COETÁNEOS Y POSTERIORES AL CONTRATO—
ACTOS ANTERIORES.—De acuerdo con el artículo 1249 del Código Civil y la jurisprudencia del Tribunal Supremo de España y de Puerto Rico para juzgar la intención de los contratantes deberá atenderse principalmente a los actos de estos coetáneos y posteriores al contrato y también a los anteriores.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Tous Soto* y *Rafael Palacios Rodríguez.*

Abogado de los apelados: *Sr. Gustavo Rodríguez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Francisco Paracchini y Marcantetti presentó demanda ante la Corte de Distrito de Ponce en 15 de marzo de 1913 con súplica de que se condene a los demandados en su carácter de herederos de los consortes José Vilá y Soler y María de la Paz Palermo a otorgar al demandante, como cesionario de los derechos de la mercantil Paracchini, Toro & Co., escritura de arrendamiento del inmueble urbano denominado "Puerta del Sol" radicado en la ciudad de Ponce, por canon de $150 mensuales y por el término y condiciones indicadas en escritura de arrendamiento del mismo inmueble que en 8 de abril de 1903 otorgaron los referidos consortes a favor de la mercantil expresada, por ante el notario don Luis L. Yordán Dávila.

Por escritura de que se deja hecho mérito don José Vilá y Soler con el consentimiento de su esposa doña María de la Paz Palermo, dió en arrendamiento a la sociedad Paracchini, Toro & Co., representada por Francisco Paracchini y Marcantetti, la finca urbana de que se trata por precio de $120 mensuales y término de cinco años a contar desde el día 17 de marzo de 1903 que vencerían en igual día y mes del año 1908, cuyo término se entendería prorrogado, si así conviniera a la sociedad arrendataria, por cinco años más, o sea desde el 17 de marzo de 1908 hasta igual día y mes del año 1913.

En la cláusula 4ª. de la escritura se estipuló que en el caso de la prórroga convenida subsistirían todas las condiciones establecidas en el contrato con la única variante de que si durante los cinco primeros años del arrendamiento la sociedad arrendataria vendiese al contado según sus libros hasta $60,000 cada año, quedaría obligada a pagar desde que comenzaron los cinco años de la prórroga hasta la expiración

del contrato, la cantidad de $150 aun cuando durante la prórroga no alcanzaran las ventas a aquella cantidad.

También se pactó en la cláusula 5ª. ''ser convenio expreso que vencidos los cinco años de la prórroga, si Vilá o sus herederos no hubiesen vendido la finca arrendada tendrá derecho la sociedad arrendataria a que se le conceda preferencia para el nuevo arrendamiento, por un canon que no podrá exceder de $150, a lo cual se obliga ahora el Sr. Vilá en la más solemne forma.''

Además de las condiciones que dejamos expresadas, se estipularon las que en síntesis pasamos a enumerar: (*a*) Facultad para sub-arrendar la finca en todo o en parte, previo acuerdo con el dueño. (*b*) Reparaciones que necesitare el inmueble, a cuenta del arrendador, haciéndolas la sociedad arrendataria si el dueño no las hiciera oportunamente y deduciendo el importe de ellas de la mitad del canon establecido. (*c*) Las contribuciones de toda especie inclusos los derechos municipales por agua, a cargo de Vilá. (*d*) Establecimiento de mejoras en la parte interior de la finca por cuenta y a cargo de la sociedad arrendataria, previo acuerdo y conformidad con el propietario, a cuyo beneficio habían de quedar al terminarse el contrato. (*e*) Los mostradores, anaquelerías y vidrieras entonces existentes en la finca son de la propiedad exclusiva de la sociedad arrendataria, y ésta se los llevará al vencimiento definitivo del contrato siempre que no le conviniese a Vilá verificar la compra por el precio que fijarían peritos nombrados uno por cada parte y un tercero en caso de discordia. (*f*) Prohibición de enajenar el inmueble sin respetar el contrato. (*g*) Inscripción del contrato en el registro de la propiedad. (*h*) Reserva al Pueblo de Puerto Rico y al municipio de Ponce del derecho de preferencia para cobro de contribución impuestas a la finca y sumisión a los tribunales ordinarios de dicha ciudad para todos los actos y diligencias que pudieran derivarse del contrato.

Como hechos determinantes de su acción, además de invocar la parte demandante las condiciones del contrato de arren-

damiento consignadas en la escritura de 8 de abril de 1903, especialmente la contenida en la cláusula 5ª. ya transcrita, alegó: que el término primitivo del contrato, vencido el 17 de marzo de 1908, fué prorrogado de acuerdo con el mismo a otros cinco años que vencerían el 17 de marzo de 1913; que la sociedad arrendataria Paracchini, Toro & Co., cuyo término vencía en 19 de diciembre de 1903 fué disuelta por escritura de 17 de agosto de ese año sucediéndole como liquidadora y cesionaria de su activo y pasivo la mercantil F. Paracchini & Co. constituída en la misma escritura, cuya mercantil fué disuelta por otra escritura de 18 de noviembre de 1908, adquiriendo el socio Francisco Paracchini, o sea el demandante, por cesión que le hizo el otro socio Leopoldo Reverter, todo el activo y pasivo de la extinguida; que por fallecimiento de los consortes Vilá Soler y María de la Paz Palermo el inmueble arrendado pasó a ser propiedad de sus herederos los demandados; que el demandante en virtud de lo convenido en la cláusula 5ª. del contrato de arrendamiento, al expirar la prórroga del contrato requirió a los demandados para que le otorgaran nuevo contrato de arrendamiento del inmueble por el canon mensual de $150 y término de cinco años, con las demás condiciones establecidas en el contrato anterior; y que los demandados son los dueños actuales del inmueble sin que ninguno de ellos haya vendido su condominio sobre el mismo a persona alguna.

Los demandados al contestar la demanda aceptaron el contrato de arrendamiento del edificio "Puerta del Sol" a Paracchini, Toro & Co. por escritura pública de 8 de abril de 1903 y que actualmente son dueños del referido edificio por fallecimiento de los consortes José Vilá y María de la Paz Palermo, sin que ninguno de ellos haya vendido la parte que le corresponde en el condominio; pero niegan las demás alegaciones de la demanda, y como materia nueva alegan: que José Vilá, padre de los demandados, dió en arrendamiento la finca a Francisco Paracchini por el mismo precio que la tenía la sociedad disuelta Paracchini, Toro y Co., fijándose como

término del contrato el resto del tiempo por el que se le había dado a dicha sociedad, o sea hasta el 17 de marzo de 1913, sin ninguna otra concesión ni promesa futura; que la sociedad Paracchini, Toro & Co., constituída en 27 de febrero de 1899 se disolvió por escritura de 17 de agosto de 1903 encargándose de su liquidación la sociedad F. Paracchini & Co. constituída en esa fecha, a cuya sociedad se vendió el activo y pasivo de la disuelta; y que la sociedad F. Paracchini & Co. se disolvió en 17 de marzo de 1908, siendo nombrado liquidador de ella Francisco Paracchini quien se hizo cargo del activo y pasivo de la misma.

La contestación termina con la súplica de que se dicte sentencia resolviendo: *primero.* Que el demandante no tiene preferencia para el nuevo contrato de arrendamiento de la finca de que se trata; *segundo.* Que los demandados no están obligados a conceder al demandante un nuevo arrendamiento de la finca en cuestión bajo las mismas condiciones que se consignaron en el contrato celebrado con Paracchini, Toro & Co.; *tercero.* Que se condene al demandante en las costas, gastos, desembolsos y honorarios del abogado de los demandados.

Celebrado el juicio la corte dictó sentencia en 25 de mayo de 1914 por la que "declara sin lugar la demanda y declara además especialmente a los efectos que procedan que el demandante Francisco Paracchini y Marcantetti tiene preferencia para el nuevo contrato de arrendamiento de "La Puerta del Sol" sobre cualquiera o cualesquiera otros arrendatarios sobre la misma finca, no debiendo pagar el Sr. Paracchini un canon de arrendamiento mensual que exceda de $150; pero que los demandados no están obligados a otorgar al demandante Sr. Paracchini un nuevo arrendamiento de dicha finca bajo las mismas condiciones (exceptuando el canon) que se consignaron en el primitivo contrato celebrado con la mercantil Paracchini, Toro & Co. en 8 de abril de 1903, sin especial condenación de costas, desembolsos y honorarios de abogado."

Contra esa sentencia interpuso la parte demandante recurso de apelación para ante esta Corte Suprema.

Las cuestiones fundamentales a resolver en el presente recurso que surgen de las alegaciones de ambas partes, son las siguientes: 1ª. Si el demandante Paracchini es cesionario de la sociedad Paracchini, Toro & Co. en relación con el contrato de arrendamiento celebrado con dicha sociedad por los consortes Vilá-Palermo en 8 de abril de 1903; 2ª. Si fué la intención del arrendador reconocer a la sociedad arrendataria en la cláusula 5ª. del mencionado contrato, un derecho de preferencia para otro nuevo arrendamiento bajo la única base de que el canon mensual de arrendamiento no podría exceder de $150, debiendo fijarse las demás condiciones del nuevo contrato cuando llegara el día de su celebración, o si, por el contrario, fué su intención estipular que el canon mensual del nuevo arrendamiento no excedería de $150 y que las demás condiciones serían las mismas que regulaban el contrato de 8 de abril de 1903.

En cuanto a la primera cuestión la corte inferior llegó a la conclusión de que el demandante Paracchini es cesionario de la sociedad Paracchini, Toro & Co. y esa conclusión nos parece ajustada a los hechos del caso y al derecho sobre la materia.

De las pruebas practicadas en el juicio resulta: (*a*) Que la sociedad mercantil en comandita Paracchini, Toro & Co. se constituyó en Ponce por escritura pública de 27 de febrero de 1899, siendo sus socios Francisco Paracchini y Marcantetti, José María Toro y Leopoldo Reverter y Tarrats, y su término había de ser por cinco años a contar desde el 19 de diciembre de 1898 hasta igual día y mes de 1903. (*b*) Que la referida sociedad Paracchini, Toro & Co. antes de llegar su término de vencimiento fué disuelta por escritura pública de 17 de agosto de 1903 y en esa misma fecha y por la misma escritura Francisco Paracchini y Leopoldo Reverter constituyeron una nueva sociedad mercantil en comandita bajo la razón de F. Paracchini & Co. por término de cinco años a contar desde

10 de agosto de 1903 para vencer en igual día y mes de 1908, siendo único socio gestor de la misma Paracchini, .y comanditario Reverter, cuya nueva sociedad de F. Paracchini & Co. se hizo cargo de la liquidación de la anterior sociedad Paracchini, Toro & Co. y del activo y pasivo de ésta, comprando, además, la participación que Toro tenía en la sociedad Paracchini, Toro & Co.   (*c*) Que por otra escritura de 18 de noviembre de 1908 Francisco Paracchini y Leopoldo Reverter declararon disuelta la sociedad F. Paracchini & Co., haciéndose cargo Paracchini de la liquidación de la sociedad disuelta como también de su activo y pasivo, continuando las operaciones de la casa mercantil como comerciante particular y adquiriendo por compra a Reverter la participación que a éste correspondía en la sociedad disuelta.   (*d*) Que según muestran los recibos de cánones de arrendamiento de 1901 a 1913, siendo los dos últimos de 31 de diciembre de 1912 y 28 de Febrero de 1913, expedidos primero por José Vilá, más tarde por su viuda y últimamente por sus herederos, tales recibos fueron librados unos a favor de Paracchini, Toro & Co., otros a favor de F. Paracchini & Co., y otros, los de los años 1909, 1910, 1911, 1912 y 1913, a favor de Francisco Paracchini.   (*e*) Que por escritura de 14 de marzo, 1913, los demandados después de expresar que "son dueños de la finca urbana   *   *   *   conocida por la "Puerta del Sol," cuya finca adquirieron por herencia de su legítimo padre don José Vilá y Soler y la tenía en arrendamiento don Francisco Paracchini, teniendo en ella establecido su comercio de ferretería y quincalla, cuyo contrato y su prórroga concedida oportunamente vencía el 17 de marzo del mismo año 1913," notificaron a Paracchini que habiendo recibido ofertas de otras personas para el arrendamiento de esa finca por canon de $175 mensuales, si quería continuar en el arrendamiento lo sería con arreglo a las condiciones siguientes:   (*a*) Término de un año; (*b*) Canon mensual de $150;   (*c*) Pago por el arrendatario de todas las reparaciones que exigiera el interior del edificio y las exteriores que convinieran al arrendatario;   (*d*) Obras

que exigiera la Sanidad por cuenta del arrendatario; (*e*) Mejoras que introdujera el arrendatario a beneficio de los dueños; (*f*) Cese del arrendamiento en caso de venta de la finca concediéndose al arrendatario dos meses para desocuparla; (*g*) Prohibición de sub-arrendar la finca sin el consentimiento escrito de todos los dueños; (*h*) Opción a nuevo contrato de arrendamiento al vencimiento del año por canon de $175 los tres primeros años y $185 los siguientes. En la misma escritura fué requerido Paracchini para que en caso de no aceptar las condiciones expresadas desalojara la finca en el término de dos meses, bien entendido que de no hacerlo pagaría el canon de $175 por cada mes que lo ocupara. Al requerimiento contestó Paracchini que no aceptaba las condiciones propuestas y que había requerido a los requirentes para cumplir la cláusula 5ª. del contrato de 8 de abril, 1903, bajo las mismas condiciones del mismo y por el término de cinco años, y que estaba dispuesto a pagar los $150 mensuales que estipulaba el contrato con las demás condiciones del mismo y término de cinco años.

Ante el resultado de las pruebas, que dejamos expuesto, forzoso se hace admitir sin el más ligero asomo de duda que aunque el contrato de arrendamiento se celebró por José Vilar y Soler con Parachini, Toro & Co., al disolverse esa sociedad continuó rigiendo el contrato con F. Paracchini & Co. y por disolución de la nueva sociedad siguió con Francisco Paracchini sin que José Vilá y Soler y después su sucesión hicieran reparo alguno a ese estado de hecho, pues aceptaron de F. Paracchini & Co. y de Francisco Paracchini, demandante, los pagos de cánones de arrendamiento, y aun más, los demandados por modo expreso, en el acta de notificación y requerimiento de 14 de marzo de 1913, reconocieron a Francisco Paracchini como arrendatario del edificio "Puerta del Sol" cuyo concepto de arrendatario solamente podía derivarse del de cesionario del contrato de arrendamiento de 8 de abril, 1903.

La resolución de la primera cuestión propuesta tiene que ser favorable a la parte demandante y apelante. Lo mismo sucede con la segunda cuestión, como pasamos a demostrarlo.

Los términos de la cláusula 5ª. del contrato de arrendamiento de 8 de abril, 1903, no dejan duda alguna sobre la intención de los contratantes. José Vilá y Soler, arrendador, reconoció a la sociedad arrendataria Paracchini, Toro & Co. derecho de preferencia para el nuevo arrendamiento de la finca "Puerta del Sol" por un canon que no podría exceder de $150, después de vencidos los cinco años de la prórroga del contrato sin haber vendido Vilá o sus herederos la expresada finca. Ese derecho de preferencia para un nuevo arrendamiento por un canon que no excediera de $150 fué absoluto; no se sometió a otra condición que la de que el precio del nuevo arrendamiento no podría exceder de $150, o lo que es lo mismo, la sociedad arrendataria disfrutaría de la preferencia para el nuevo arrendamiento siempre que estuviera dispuesta a pagar como canon mensual una cantidad que no bajara de $150.

Las demás condiciones del arrendamiento no habían de ser las que estipularan las partes para el nuevo contrato, sino las ya estipuladas en el contrato de arrendamiento de 8 de abril de 1903, en que fué reconocido el derecho de preferencia para el nuevo arrendamiento a Paracchini, Toro & Co. Si el arrendador hubiera podido fijar para el nuevo contrato de arrendamiento condiciones distintas de las que regulaban el contrato de 8 de abril de 1903 y su prórroga, el derecho de preferencia reconocido a Paracchini, Toro & Co. no hubiera sido absoluto sino condicional, dependiente de las nuevas condiciones que fijara Vilá y aceptara la sociedad Paracchini, Toro & Co. Hubiera quedado sujeto a la voluntad de Vilá quien para hacer ilusoria la preferencia reconocida a Paracchini, Toro & Co., hubiera podido negarse a establecer esas nuevas condiciones, o establecerlas imposibles o tan onerosas que la sociedad arrendataria seguramente no las aceptara. La validez y el cumplimiento del con-

venio consignado en la cláusula 5ª. del contrato de arrendamiento hubiera quedado al arbitrio de uno sólo de los contratantes, o sea José Vilá, contra el precepto del artículo 1223 del Código Civil, según el cual la validez y el cumplimiento de los contratos no puede dejarse al arbitrio de uno de los contratantes. No se expresó en la repetida cláusula 5ª. que con excepción de la del precio las demás condiciones habían de fijarse después para que la sociedad arrendataria disfrutara del derecho de preferencia al nuevo arrendamiento, y no habiéndose hecho así, es lógico deducir fué la intención de los contratantes que habían de regir las mismas condiciones ya estipuladas en el contrato.

La intención de José Vilá de reconocer derecho de preferencia absoluto e incondicional para el nuevo contrato de arrendamiento a Paracchini, Toro & Co. por un canon mensual que no excedería de $150, fué manifiesta según el texto de la cláusula 5ª. del contrato de arrendamiento de 8 de abril de 1903, y al sentido literal de esa cláusula debemos atenernos según el artículo 1248 del Código Civil, pero si esa cláusula admitiera diversos sentidos acerca de si las demás condiciones que regirían el nuevo arrendamiento habían de ser las mismas del anterior contrato o las que a bien tuviera fijar José Vilá, debería entenderse en el sentido más adecuado para que produjera efecto con arreglo al artículo 1251 del código citado, o sea, en el sentido de que habían de regular el nuevo contrato fuera del canon mensual de arrendamiento, las demás convenidas en la escritura de 8 de abril de 1903, pues en otro caso, según hemos dicho antes, hubiera quedado al arbitrio de Vilá la validez y el cumplimiento de la preferencia reconocida a Paracchini, Toro & Co.

A esa deducción nos lleva además la aplicación del artículo 1249 del Código Civil preceptivo de que para juzgar de la intención de los contratantes deberá atenderse principalmente a los actos de éstos coetáneos y posteriores al contrato, y también a los anteriores, según jurisprudencia del Tribunal Supremo de España y de esta misma Corte Suprema.

Según escritura pública de 16 de marzo de 1889 José Vilá y Soler dió en arrendamiento a la mercantil Tarrats, Reverter & Co. representada por su gestor Don Leopoldo Reverter y Tarrats, la finca urbana de que se trata, bajo las siguientes condiciones: (a) Que el término del arrendamiento sería de seis años a vencer el 16, de marzo de 1895, por canon de 150 pesos mejicanos; (b) dicho término podría prorrogarse por ocho años más a vencer el 17 de marzo de 1903, pagándose durante la prórroga 165 pesos mensuales; (c) vencidos esos catorce años tendrían derecho Tarrats, Reverter & Co. a que se les concediera preferencia para el arrendamiento de la finca por canon igual al que ofreciera cualquier otro inquilino; (d) la sociedad arrendataria durante los catorce años podría sub-arrendar el todo o parte de la finca; (e) las reparaciones de la casa serían de cargo y cuenta exclusiva de Vilá, el cual las haría practicar tan pronto como fueran necesarias y en el caso de que las hiciera la sociedad arrendataria sería deducido su importe de los alquileres de la casa; (f) Vilá pagaría las contribuciones que por todos conceptos se impusieran a la finca·incluso los derechos municipales por agua del acueducto; (g) las mejoras que se hicieran en el interior de la finca de acuerdo con el propietario quedarían a beneficio de la casa y su importe no podría ser exigido a Vilá; (h) Vilá no podría vender la casa en todo ni en parte con perjuicio de la sociedad arrendataria pues el arrendamiento habría de ser respetado por cualquiera que adquiriera el dominio de la finca.

Como se ve, el anterior contrato contenía también a favor de la sociedad arrendataria Tarrats, Reverter & Co., derecho de preferencia para el arrendamiento de la finca por canon igual al que ofreciera cualquier otro inquilino. Al celebrarse el contrato de arrendamiento de la misma casa en 8 de abril de 1903 por José Vilá y Soler con Paracchini, Toro & Co. por término de 5 años a contar desde el día 17 de marzo de 1903 precisamente en la misma fecha en que con su prórroga vencía el anterior contrato de 16 de marzo de 1889, se hicie-

ron constar las mismas condiciones que regían el contrato celebrado con Tarrats, Reverter & Co., sin más variante que la relativa al canon y término del arrendamiento, y para la variante del canon de arrendamiento autorizaba el mismo contrato de 16 de marzo de 1889, pues como hemos dicho, concedía preferencia a la sociedad arrendataria para el arrendamiento de la finca por canon igual al que ofreciera cualquier otro inquilino, sin precisar cual fuera ese canon, a diferencia de lo estipulado en la escritura de 8 de abril de 1903 en que se reconoce el derecho de preferencia a Paracchini, Toro & Co. mediante un canon que no había de exceder de $150.

Si José Vilá entendió que al otorgar en 8 de abril de 1903 la escritura de arrendamiento de su casa a favor de Paracchini, Toro & Co., sucesora de Tarrats, Reverter & Co., debían continuar las mismas condiciones del arrendamiento anterior o sea del de 16 de marzo de 1889, ese acto anterior revela la intención por parte de Vilá de que en el nuevo contrato de arrendamiento cuyo otorgamiento se solicita en la demanda, rigieran las mismas condiciones del contrato de 8 de abril de 1903.

Además, en el mismo acto del otorgamiento de la escritura de 8 de abril de 1903 según declara el demandante, le manifestó Vilá al reconocerle una opción para continuar con el arrendamiento de la finca por un canon no mayor de 150 dollars mensuales al expirar la prórroga, que no había para qué especificar las demás condiciones del nuevo contrato desde el momento en que éste arrancaba del viejo y por consiguiente habían de regir las mismas condiciones, habiendo manifestado Vilá en cuanto al término del nuevo contrato que sería todo el que necesitara el testigo, pues fué convenido que el canon de arrendamiento sería lo único que variaría.

Pero aun hay un acto de la sucesión de José Vilá y Soler que puede llevarnos a una sana interpretación de cuáles habían de ser las condiciones del nuevo contrato.

Refiere Paracchini en su declaración que en gestiones con los demandados para la celebración del nuevo contrato de arrendamiento, recibió una carta de éstos, la que ha venido al juicio y dice así:

"Sr. D. Francisco Paracchini, ciudad. Muy estimado Sr. nuestro de nuestra mayor consideración. La presente tiene por objeto manifestarle que como consecuencia de su indicación sobre las nuestras condiciones para arrendamiento de la 'Puerta del Sol,' después de vencido el contrato que finalizaría en 16 de marzo de 1913, le sugerimos nuestra decisión ya manifestada a Ud. verbalmente por el miembro don Francisco Vilá Palermo en 30 de diciembre de 1912, y es: para Ud. ciento setenta y cinco dollars *a/cy* mensuales, esto es: el mismo canon que devengó moneda corriente durante el contrato de arrendamiento que, empezando el 17 de marzo de 1895, terminó en 17 de marzo de 1903. Es decir lo que se fijó como canon mensual hace diez y ocho años. Ponce, P. R., enero primero de 1913. Firmado: María Vilá de Prieto, Antonia Vilá de Pagés. S. Vilá. F. Vilá."

Los términos en que está redactada esa carta claramente demuestran que para la confección del nuevo contrato de arrendamiento sólo preocupaba a la sucesión demandada el canon que quería cobrar, o sean $175 mensuales sin que le importaran las demás condiciones del arrendamiento. Esas debían ser las mismas que venían rigiendo pues de no ser así, la sucesión demandada hubiera expresado otras nuevas. Si Paracchini hubiera estado conforme en pagar el canon de $175 mensuales, el nuevo contrato de arrendamiento hubiera quedado perfeccionado bajo esa base y sin otras condiciones que las que regulaban el anterior.

El acto de la sucesión demandada al escribir la carta transcrita puede llevarnos a la interpretación sana de la cláusula 5ª. del contrato de arrendamiento de 8 de abril de 1903, o sea, la de que también en esa fecha sólo interesaba al arrendador José Vilá arrendar su casa por un canon mensual de $150 sin variar las demás condiciones que venían regulando el contrato.

La letra de la cláusula 5ª. del contrato de arrendamiento de 8 de abril de 1903, el espíritu que la informa, y los actos

anteriores, coetáneos y posteriores al contrato de arrendamiento de 8 de abril de 1903 nos llevan a la conclusión de que las condiciones para la preferencia en el nuevo contrato de arrendamiento de la finca Puerta del Sol, con excepción del canon de $150 mensuales, no habían de ser las que estipularan las partes para el nuevo contrato, sino las ya estipuladas en el contrato de arrendamiento de 8 de abril de 1903.

Por supuesto que el término de cinco años del nuevo contrato, que se entiende computable desde 17 de marzo de 1913, no ha de ser prorrogable por cinco años más, ni tampoco habrá preferencia para otro arrendamiento después de vencido aquel término.

Por las razones expuestas debe revocarse la sentencia apelada y dictarse otra declarando con lugar la demanda y condenando en su consecuencia a los demandados a otorgar a favor del demandante escritura de arrendamiento del inmueble urbano denominado "Puerta del Sol" radicado en la ciudad de Ponce bajo la descripción que del mismo se hace en la demanda, por un canon mensual de $150 y por el término y demás condiciones indicadas en la escritura de arrendamiento del mismo inmueble que en 8 de abril de 1903 otorgaron José Vilá y Soler y María de la Paz Palermo a favor de la mercantil Paracchini, Toro & Compañía por ante el Notario Luis L. Yordán Dávila, a contar el término del arrendamiento desde 17 de marzo de 1913, sin especial condenación de costas.

*Revocada la sentencia apelada y dictada otra declarando con lugar la demanda, sin especial condenación de costas.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.